## Commonwealth v. Plank

*Richard W. Linton*, for appellant.

*Warren R. Yocum, Jr.*, District Attorney, for Commonwealth.

HIMES, P. J., August 19, 1963. — On January 26, 1963, defendant's petition was presented, averring, inter alia, that he was defendant in an information

filed by L. B. Welch, a State game protector, before a justice of the peace, which information charged that defendant on December 17, 1962, in Tell Township, Huntingdon County, Pa., "wilfully and unlawfully did aid or assist in the taking and concealing of a big game animal, to wit, antlered deer, killed in closed season, contrary to section 701, as amended, of The Game Law of June 3, 1937, P. L. 1225, as amended, 34 PS §1311.701"; that a hearing was held before the justice of the peace on January 21, 1963; that defendant was sentenced to pay a fine of $100 and costs of prosecution, and that he was not guilty of the offense charged.

The same date a rule was granted to show cause why an appeal should not be allowed and a hearing de novo granted. On January 28, 1963, the district attorney accepted service of the rule. No answer was filed by the Commonwealth to defendant's petition, and on April 15, 1963, the rule was made absolute and a date was set for hearing. Subsequently, by consent of Commonwealth and defendant, the time for hearing was postponed. When the case was called for hearing it appeared that no transcript of the record of the justice of the peace had been filed, whereupon the district attorney made an oral motion to quash the appeal and dismiss the proceeding. It is this motion which is before the court for disposition.

It is the duty of an appellant to secure a transcript from the docket of the justice of the peace and to file same. This has been decided in numerous cases: City of York v. Miller, 33 Lanc. 213. Commonwealth's contention that it is now too late to permit a transcript to be filed was advanced in the Miller case, and the court held the "court has the power, *but there is nothing . . . which would tend to excuse the defendant for his apparent delay and negligence.*" The court observed that mere notice to the inferior tribunal of the taking of an appeal is insufficient.

In the instant case, defendant repeatedly requested the justice of the peace to issue a transcript. As to Commonwealth's contention that the requests made by defendant ". . . are wholly outside the record and the District Attorney's office had no notice or knowledge of the allegation," the court observes that in the ninth paragraph of defendant's petition for allowance of an appeal, a copy of which was accepted by the district attorney, defendant specifically alleged "He has not received from the justice of the peace a transcript of the proceedings, although he has requested one . . ."

At the time this case was called for hearing de novo, counsel for defendant, a member of the bar of this court, stated that repeatedly he had requested a transcript from the justice of the peace and that each time he was assured a transcript would be provided; that in addition to making oral requests, he wrote a letter to the justice of the peace requesting a transcript; that he conferred with the judge of this court requesting assistance in his efforts to secure a transcript, and that the judge gave assurance of assistance in his efforts to secure same. It is difficult to see what more defendant's counsel could have done short of instituting proceedings against the justice of the peace. To conclude that a defendant who has been allowed an appeal should be denied his day in court on the ground that a member of the judiciary, although repeatedly promising to do what the law requires, for some reason omitted to perform that duty, would be a harsh judgment. In the Miller case, supra, the court found there was ". . . nothing . . . which would tend to excuse the defendant for his apparent delay and negligence." The delay and negligence in the instant case was neither created nor caused by defendant or his counsel. Commonwealth's brief pinpoints this subject by stating, "The Justice had neglected to file any papers such as the Warrant, Information and Transcript."

The argument that Commonwealth could not have contested the petition seeking allowance of the appeal on the ground that there was no record to indicate what charges were filed against defendant is not persuasive. Defendant's petition clearly sets forth the charges. The original information lodged before the justice of the peace is now available, together with the warrant of arrest. This court is satisfied of the genuineness of these two papers which are attached to this opinion, and they substantiate the allegations of defendant's petition concerning the charge made. There is no reason why at a hearing de novo this court cannot hear the evidence and find defendant guilty or not guilty of the charge against him.

Having failed in his efforts to secure a transcript from the justice of the peace, defendant's counsel received assurance of the assistance of this court in securing the transcript. Surely, counsel ought not to be convicted of neglect for believing that the justice would perform his duty upon request of a court of record.

For this court to deny defendant a hearing on the merits would place the imprimatur of approval on the neglect of the minor judiciary; it would not be acting in good faith with a member of the bar of this court, and it would penalize a citizen for the neglect and oversight of judges. The law ought not to countenance such a result.

### Order

Now, August 19, 1963, Commonwealth's motion to quash the appeal and dismiss this proceeding is overruled. Exception noted for Commonwealth.